

# NUMBER 13-26-00157-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

CODY SCOTT SHERWOOD,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

---

## ON APPEAL FROM THE 415TH DISTRICT COURT
## OF PARKER COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice West**

Appellant Cody Scott Sherwood pled guilty to aggravated assault with a deadly weapon, a second-degree felony with an enhanced punishment range of five to ninety-nine years' imprisonment due to a prior felony conviction. *See* TEX. PENAL CODE §§ 12.32(a), 12.42(b), 22.02(a)(2). Appellant was placed on community supervision for ten

years. Afterward, the State moved to adjudicate guilt, alleging violation of five separate conditions of community supervision. Appellant pled true to all allegations. The trial court found all allegations true, revoked community supervision, adjudicated appellant guilty, and assessed punishment at fifteen years' imprisonment. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment as modified.[1]

## I.  *ANDERS BRIEF*

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

---

[1] This case is before the Court on transfer from the Second Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001.

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his right to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant a copy of the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. Appellant did not file a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

3

### III.     MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.     MODIFICATION OF BILL OF COSTS

The State requested modification of the bill of costs which assesses a time payment fee of $15. *See* TEX. CODE CRIM. PROC. art. 102.030. This fee may not be imposed during the pendency of an appeal. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Accordingly, we modify the bill of costs by striking the time payment fee in its entirety without prejudice to its assessment more than thirty days after the appellate mandate has issued if, at that time, appellant has still failed to completely pay fines, court costs, or restitution owed by him. *See Johnson v. State,* No. 02-25-00142-CR, 2025 WL 3559030, at \*10, __ S.W.3d __, __ (Tex. App.—Fort Worth Dec. 11, 2025,

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

4

pet. ref'd) (citing *Dulin*, 620 S.W.3d at 133); *Bryant v. State*, 642 S.W.3d 847, 850 (Tex. App.—Waco 2021, no pet.) (same).

## V.   CONCLUSION

We affirm the trial court's judgment as modified.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
6th day of August, 2026.